# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

MATTHEW KRIEDEL,
    Plaintiff,

v.

TOWN OF NEWINGTON,
    Defendant.

No. 3:18-cv-1472 (SRU)

## ORDER ON MOTION TO DISMISS

Matthew Kriedel filed a complaint pro se, seeking to recover for the alleged taking of personal property. Complaint ("Compl."), Doc. No. 1. He is now represented. The Town of Newington ("Newington") filed a motion to dismiss. For the reasons set forth below, the motion (Doc. No. 11) is granted.

## I.  Standard of Review

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A party that moves to dismiss for lack of subject matter jurisdiction "may refer to evidence outside the pleadings." *Id.* (quoting *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)). To survive a motion brought under Rule 12(b)(1), a plaintiff "has the burden of proving by a preponderance of the evidence that [subject matter jurisdiction] exists." *Id.* (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)).

## II. Background

During the relevant time period, Kriedel was a resident of Newington, Connecticut, and owned real property at 366 Maple Hill Avenue in Newington ("the property"). Compl., Doc. No. 1, at ¶¶ 2, 4. Kriedel and Newington were involved in litigation concerning alleged blight on the property. *Id.* at ¶ 4. Newington claimed that Kriedel's property violated the municipality's blight ordinance because there were abandoned vehicles and a collapsing barn on the property. *Id.* at ¶ 5. After administrative proceedings, Newington notified Kriedel that it would enter the property and remediate the blight in January 2016. *Id.* at ¶ 6. Kriedel filed an action, pro se, in Connecticut Superior Court seeking to enjoin Newington from performing the remediation. *Id.* at ¶ 7. The court denied Kriedel's claim for relief and ordered him to remove the blight by July 2016. *Id.* at ¶ 8. Kriedel appealed, but the appeal was dismissed on August 3, 2016. *Id.* at ¶ 9.

On August 30, 2016, Newington provided notice of its intent to enter the property to remediate the blight. *Id.* at ¶ 10. On August 31, 2016, Newington entered Kriedel's property and "destroyed" his barn. *Id.* at ¶ 11. Town employees and agents also removed Kriedel's personal property from his garage, which Kriedel claims was never authorized. *Id.* at ¶¶ 11–12. Kriedel alleges those items have been destroyed. *Id.* at ¶ 13. Kriedel has demanded in writing that the personal property be returned or that he be justly compensated for the value of the property. *Id.* at ¶ 14. Newington has not complied. *Id.* at ¶ 16.

Kriedel filed his complaint on August 31, 2018. Compl., Doc. No. 1. Newington filed a motion to dismiss on December 14, 2018. Doc. No. 11. Kriedel obtained counsel, who objected on January 31, 2019. Doc. No. 19. Newington replied on February 11, 2019. Doc. No. 20.

**III. Discussion**

Kriedel seeks to recover for the taken personal property under three legal theories: (1) violation of his right to due process; (2) taking the personal property without providing just compensation; and (3) negligence. Compl., Doc. No. 1, at ¶¶ 1, 17. Newington argues that I lack subject matter jurisdiction over each theory. Memorandum in Support of Defendant's Motion to Dismiss ("Def's Memo"), Doc. No. 11-1, at 3–4.

A. <u>Taking Without Just Compensation</u>

Newington argues that Kriedel's takings claim "is not yet ripe for adjudication, thereby deriving this Court of subject matter jurisdiction." Def's Memo, Doc. No. 11-1, at 4. Kriedel argues that "Plaintiff's constitutional claims are ripe for adjudication." Plaintiff's Objection to Defendant's Motion to Dismiss and Memorandum in Support ("Pl's Memo"), Doc. No. 19, at 1.

"Aplaintiff must show that [he] sought redress through the appropriate administrative avenues before suing in the district court. *Id.* at 187 (internal citation omitted). In other words, "a property owner has not suffered a violation of the Just Compensation Clause until the owner has unsuccessfully attempted to obtain just compensation through the procedures provided by the State for obtaining such compensation[.]" *Norton v. Galligan*, 2018 WL 564568, at *5 (D. Conn. Jan. 25, 2018) (citing *Williamson*, 473 U.S. at 195).

Article First, § 11 of the Connecticut Constitution, which states that "[t]he property of no person shall be taken for public use, without just compensation," provides an adequate procedure for a plaintiff alleging a takings claim to obtain just compensation for a taking. *Wellswood Columbia, LLC v. Town of Hebron*, 2013 WL 356619, at *3 (D. Conn. Jan. 29, 2013), *on*

3

*reconsideration in part*, 2013 WL 5435532 (D. Conn. Sept. 30, 2013).[1] Furthermore, "[f]ederal district courts routinely dismiss—and the Supreme Court and Second Circuit routinely uphold dismissal of—Fifth Amendment claims where a plaintiff has failed to utilize available state remedies to obtain just compensation for a taking, as prescribed under the *Williamson County* ripeness test." *Id.*

In *Williamson County*, the Supreme Court held that "[t]he Fifth Amendment does not require that just compensation be paid in advance of, or contemporaneously with, the taking. If a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." *Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 173 (1985).

In Connecticut, a property owner may bring an inverse condemnation action to recover compensation for property taken from private individuals under Article First, § 11 of the Connecticut Constitution. *Wellswood*, 2013 WL 356619, at *3.

Kriedel "has not shown that the inverse condemnation procedure is unavailable or inadequate, and until [he] has utilized that procedure, [his] taking claim is premature." *Williamson Cty*, 473 U.S. at 173. Kriedel alleges in the complaint that he sought to enjoin Newington from remediating the property in Connecticut Superior Court, but that action did not deal with compensation for the personal property because the action occurred before the personal property was allegedly taken. *See* Compl., Doc. No. 1, at ¶¶ 7–8. "Thus, as [Kriedel] has failed to avail [himself] of the procedures in place to obtain compensation in state court as required"

---

[1] On reconsideration, District Judge Vanessa L. Bryant held that federal courts retain jurisdiction over cases alleging violation of the public purpose requirement of the Fifth Amendment. Kriedel does not appear to allege a bad faith takings claim in his complaint, so the reasoning in the original *Wellswood* decision applies.

under the ripeness test in *Williamson County*, Kriedel's takings claim is not ripe for adjudication in federal court and must be dismissed for lack of subject matter jurisdiction. *Wellswood*, 2013 WL 356619, at *4.

B. <u>Due Process Claim</u>

In his complaint, Kriedel alleges that Newington deprived him of his personal property without due process of law. Compl., Doc. No. 1, at ¶ 1.[2]

A post-deprivation remedy is sufficient to create a cause of action, but Kriedel's procedural due process claim is unripe because he has not yet availed himself of an inverse condemnation cause of action under Article 1, Section 11 of the Connecticut Constitution. *Norton v. Galligan*, 2018 WL 564568, at *7 (D. Conn. Jan. 25, 2018).

Accordingly, the due process claim is dismissed for lack of subject matter jurisdiction.

C. <u>Negligence Claim</u>

Finally, Kriedel alleges "negligent destruction of property" in his complaint. Compl., Doc. No. 1, at ¶ 1. In his opposition motion, Kriedel argues that "[t]his Court has subject matter [jurisdiction] over claims of illegal discrimination, harassment, sexual harassment and retaliation." Pl's Memo, Doc. No. 19, at 3. Newington argues that Kriedel has not asserted those claims in his complaint. Def's Reply Memo, Doc. No. 20, at 2. Newington is correct.

Kriedel's negligence claim does not involve a federal question, and Kriedel has not alleged diversity of citizenship among the parties. Because the court does not have original

---

[2] In his objection to Newington's motion to dismiss, Kriedel also asserts that "[t]his Court has subject matter jurisdiction over [his] unlawful taking, destruction of property and negligence claims under the Fourth Amendment." Pl's Memo, Doc. No. 19, at 1. The complaint, however, does not assert a cause of action under the Fourth Amendment, either explicitly or implicitly.

jurisdiction over the taking claim or the due process claim, the court also lacks supplemental jurisdiction over Kriedel's negligence claim. Accordingly, the negligence claim is also dismissed due to lack of subject matter jurisdiction.

**IV.     Conclusion**

For the foregoing reasons, the motion to dismiss is granted without prejudice to filing a new action once the matter becomes ripe. The clerk shall close the file.

So ordered.

Dated at Bridgeport, Connecticut, this 18th day of June 2019.

<u>/s/ STEFAN R. UNDERHILL</u>
Stefan R. Underhill
United States District Judge